UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:
Peter M Zawadzki,　　　　　　　　　　　　　　Case No. 1-21-10993-CLB
　　　　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　　　　Debtor.　　　　　　　　　　　　　**HON. Carl L. Bucki**
-----------------------------------------------------------------x

# MOTION FOR RELIEF FROM AUTOMATIC STAY

**TO:**　　**THE HONORABLE CARL L. BUCKI**
　　　　　**UNITED STATES BANKRUPTCY JUDGE**

　　　　Secured Creditor, NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d)(1and (d)(2), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1.　　Debtor, Peter M Zawadzki, filed a voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code on September 24, 2021.

2.　　On December 1, 2004, Debtor executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $65,960.00 to CitiMortgage, Inc. The Mortgage was recorded on December 1, 2004 in Book 13201 at Page 3009 of the Public Records of Erie County, New York. The Mortgage was assigned to Secured Creditor. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "A." The documents include copies of the Note with any required indorsements, Recorded Mortgage, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

3. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgements, mortgages, and security agreements in support of right to see a lift of the automatic stay and foreclose if necessary.

4. The terms and conditions of the Note and Mortgage were later amended pursuant to the Loan Modification Agreement ("Agreement") made February 17, 2015. Said Agreement created a new principal balance of $60,706.12. A true and accurate copy of the Agreement is attached hereto as Composite Exhibit "A".

5. The mortgage provides Secured Creditor a lien on the real property located at 112 Unger Ave, Buffalo, New York 14210-2243, in Erie County, and legally described as stated in the mortgage attached in Composite Exhibit "A."

6. The terms of the aforementioned Note and Mortgage have been in default, and remain in default, since October 1, 2019, with arrears in the amount of $12,016.35 (less suspense balance of $302.61) as of September 28, 2021. As the lender applies the most recent payment to the last payment due, per the Secured Creditor's statement the total amount due is $83,507.29, attached hereto as Exhibit "B."

7. The stated value of the property is $120,000.00. See Exhibit "C" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

8. Based upon the Debtor's schedules, the property is claimed as exempt. The Trustee has not abandoned the property.

9. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor's failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured

1-21-10993-CLB
21-107326
MFR

Case 1-21-10993-CLB, Doc 8-2, Filed 10/08/21, Entered 10/08/21 11:07:53, Description: Motion for Relief, Page 2 of 4

Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

10. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

11. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this case pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

12. The Trustee shall be notified of any surplus monies realized upon sale of the property in a foreclosure proceeding brought by Secured Creditor.

13. No previous application has been made for the relief request herein.

14. Secured Creditor requests approval of legal fees in amount of $450.00 and costs in the amount of $188.00 associated with this motion. Such fees and costs would not be collectable from the Debtor or chargeable to the Debtor's Bankruptcy estate.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d)(1) and (d)(2) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and for any such further relief as this Honorable Court deems just and

appropriate.

Dated: October 8, 2021
      Westbury, NY

**ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC**

By: /s/ Kathy McCullough Day
Kathy McCullough Day, Esq.
Attorneys for Movant
900 Merchants Concourse, Suite 310
Westbury, New York 11590
516-280-7675
kaday@raslg.com